**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1978-WJM

KELLY A. BEAUDETTE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

---

On July 29, 2013, this Court entered an Order reversing the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Kelly Beaudette's application for supplemental security income, and remanding for further proceedings. (ECF No. 19.) Final judgment was entered on July 31, 2013. (ECF No. 20.)

This matter is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (the "Motion"). (ECF No. 21.) Defendant has filed a Response to the Motion (ECF No. 24), and Plaintiff has filed a Reply (ECF No. 25). For the reasons set forth below, the Motion is granted.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The

Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II. ANALYSIS

The Court remanded this action to the Commissioner for further consideration for three reasons. First, "there [was] nothing in the record to support the relevant [residual functional capacity ('RFC')] finding" that Plaintiff "requires proximity to restroom facilities accessible within one to two minutes of normal walking." (ECF Nos. 10 at 40; 19 at 8). The Court found this to be "speculative" and not based on substantial evidence. (*Id.* at 9.) Second, the ALJ failed in her duty to recontact the treating physician, Dr. Matalazzo, to fully and fairly develop the record when it did not support the RFC. (*Id.*) Third, deficiencies in the RFC finding were carried over to the hypothetical question presented to the vocational expert, which resulted in a defective vocational expert determination as to Plaintiff's abilities to do work. (*Id.* at 10.)

In opposing the request for attorney's fees, the Commissioner argues that its argument regarding harmless error makes its overall position substantially justified, because "numerous courts have relied on [the Commissioner's] logic to sustain the agency's final decisions in other cases." (ECF No. 24 at 3 (citing cases).) The cases cited by the Commissioner state that if an ALJ errs in finding that a claimant could perform a certain job, that error is harmless if the remaining jobs identified by the vocational expert exist in significant numbers, and such jobs are within the claimant's RFC. *See, e.g., Allison v. Astrue*, 425 F. App'x 636, 640 (9th Cir. 2011). In these

2

cases, the courts held that the error was harmless if there were still a significant number of jobs in the national economy that the claimant could perform.  *See, e.g., id.*  These cases cited by the Commissioner, however, do not deal with a situation, such as here, where the RFC contained "deficiencies [that were] not even based on a scintilla of medical evidence[.]"  (ECF No. 19 at 12.)  Therefore, the Court finds that the Commissioner's argument does not show that its position was substantially justified.

As for the Commissioner's remaining positions, the Commissioner has essentially repeated the same arguments made in its Response Brief on the merits.  Although the Commissioner's position could, in some situations, be substantially justified despite ultimately losing on the merits, that is not the case here.  Given the combination of all of the bases for the Court's decision on the merits, the Court finds that Plaintiff is entitled to an award of attorney's fees under EAJA.

Plaintiff's Motion requests attorney's fees in the amount of $7,993.13 for: (1) 26.6 hours of work in 2012 at $186.25 per hour; and (2) 16.1 hours of work in 2013 at $188.75 per hour.  (ECF No. 21-2.)  The Commissioner presents no specific argument challenging these hourly rates or the time allegedly spent by Plaintiff's counsel on the matter.  (ECF No. 24.)  The Court finds it appropriate to award the amount requested by Plaintiff.

In Plaintiff's Reply, Plaintiff also seeks reimbursement for the five hours spent preparing Plaintiff's Reply on the attorney's fees issue totaling an additional $943.75 in requested attorney's fees.  (ECF No. 25 at 5.)  The Court also finds it appropriate to award this additional amount.  *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred in litigating the

fee dispute itself); *Brodeur v. Astrue*, 2010 WL 4038611, at *1 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (ECF No. 21) is GRANTED; and

2.  Defendant shall pay attorney's fees under the Equal Access to Justice Act in the amount of $8,936.88, made payable to Plaintiff[1] and delivered to Plaintiff's attorney.

Dated this 27th day of May, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1]  Plaintiff wishes to assign her rights to attorney's fees to her attorney, Mr. Gruber. (ECF No. 22-5.)  Despite this assignment, the Court declines to assign her awarded attorney's fees directly to her attorney, as it is clear that, under the EAJA, attorney's fees will be paid only to the "prevailing party." *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007); *see also Butts v. Colvin*, 2013 WL 6024424, at *4 n.6 (D. Colo. Nov. 13, 2013) (declining to assign EAJA attorney's fees to Plaintiff's counsel).